IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENT JACOBY, #291560, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-849-WKW |
| | ) | |
| KARLA JONES et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Brent Jacoby ("Jacoby"), a state inmate and frequent federal litigant, filed this 42 U.S.C. § 1983 action on November 13, 2015. In this case, Jacoby challenges actions taken against him during a previous term of confinement at the Ventress Correctional Facility. Jacoby did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. Doc. 2. In support of this request, Jacoby provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Jacoby and pursuant to the provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Jacoby owed an initial partial filing fee of $9.73. Doc. 3 at 1-2. The court therefore ordered that Jacoby pay the initial partial filing fee on or before December 9, 2015. Doc. 3 at 2. In

1

addition, this order specifically informed Jacoby "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**." Doc. 3 at 2 (emphasis in original). The order also "advised [Jacoby] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." Doc. 3 at 3. Moreover, the court specifically cautioned Jacoby that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." Doc. 3 at 3. Upon request (Doc. 4), the court granted Jacoby an extension until December 18, 2015 to pay the initial partial filing fee. Doc. 5.

Jacoby has failed to pay the initial partial filing fee within the time allowed by the court. The court therefore concludes that this case is due to be dismissed. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

It is further ORDERED that on or before January 27, 2016 the plaintiff may file objections to the Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of January, 2016.

                /s/  Gray M. Borden
              UNITED STATES MAGISTRATE JUDGE